# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1886 PSG (DFMx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order to show cause re subject matter jurisdiction

Before the Court is a notice of removal filed by Defendant Anthony Nguyen ("Defendant"). *See* Dkt. # 1 ("*NOR*"). After reviewing the notice, the Court is not convinced that it has subject matter jurisdiction. Therefore, the Court orders Defendant to show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *International Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to propriety of removal, federal jurisdiction must be rejected. *See id.*

Defendant asserts that jurisdiction exists on the bases of both a federal question and diversity. *See NOR* at 13. Having reviewed Defendant's notice, the Court concludes that there is no basis for federal question jurisdiction. Defendant premises federal question jurisdiction on his invocation of the Fair Debt Collections Act in his cross-complaint. *See id.* However, federal defenses or federal counterclaims provide no basis to remove an action that does not otherwise establish federal jurisdiction. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983). Accordingly, there is no basis for federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1886 PSG (DFMx) | Date | November 7, 2017 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

As for diversity jurisdiction, which requires both complete diversity and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a), Defendant asserts that Plaintiff Thien Tran ("Plaintiff") is a citizen of Vietnam, while Defendant is a citizen of Nevada. *See NOR* at 12. He also implies that the amount in controversy may be as high as $150,000, which is the amount of attorneys' fees that Plaintiff purportedly acquired from Defendant through fraud and criminal activities. *See id.* However, it is unclear from the notice of removal and the documents attached to it *what* precisely is being removed. The Court cannot tell what state action is being removed, and therefore cannot ascertain the amount in controversy or whether removal would be improper. Therefore, it cannot determine whether it has diversity jurisdiction over this action.

Because Defendant has not offered a viable basis for jurisdiction, the Court orders Defendant to show cause in writing by **November 22, 2017** why the Court should not remand this action to state court for lack of subject matter jurisdiction. Failure to respond as ordered may result in this case being remanded to state court.

**IT IS SO ORDERED.**